No. 2022-2011

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

SIMON A. SOTO, on behalf of himself and all other individuals similarly situated,

Plaintiff-Appellee,

v.

UNITED STATES,

Defendant-Appellant.

On Appeal from the United States District Court for the
Southern District of Texas in Case No. 1:17-cv-00051, Judge Olvera.

## BRIEF FOR APPELLANT

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney
General*

CHARLES W. SCARBOROUGH
JENNIFER L. UTRECHT
*Attorneys, Appellate Staff
Civil Division, Room 7710
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 353-9039*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................... 1

STATEMENT OF JURISDICTION .................................................................. 2

STATEMENT OF THE ISSUE ........................................................................ 3

STATEMENT OF THE CASE .......................................................................... 3

I.    Statutory and Regulatory Background ..................................................... 3

    A.    Settlement Authority Under 31 U.S.C. § 3702 ............................... 3

    B.    Combat-Related Special Compensation ....................................... 6

II.   Factual and Procedural Background ........................................................ 9

SUMMARY OF ARGUMENT ....................................................................... 13

ARGUMENT .................................................................................................. 16

I.    Standard of Review ................................................................................ 16

II.   The District Court Erred in Holding that the Barring Act's Six-Year
Statute of Limitations Does Not Apply to Claims Involving Combat-
Related Special Compensation .............................................................. 16

    A.    The Authority to Settle Claims Involving Unpaid CRSC Arises
Out of 31 U.S.C. § 3702 ............................................................... 17

    B.    The District Court Erred in Concluding that 10 U.S.C. § 1413a
Contains Its Own Administrative Claims Settlement Mechanism ......... 23

CONCLUSION ............................................................................................... 36

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

ADDENDUM

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Adams v. Hinchman,*
154 F.3d 420 (D.C. Cir. 1998)................................................................22, 35

*Application of the Barring Act to Annuity Claims,*
71 Comp. Gen. 398 (1992)........................................................................29

*Bell v. United States,*
355 U.S. 366 (1961)....................................................................................28

*Civil Serv. Comm'n,*
B-179464, 1974 WL 8001 (Comp. Gen. Mar. 27, 1974)............................26

*Davis v. United States,*
550 F. App'x 864 (Fed. Cir. 2013) ............................................................20

*Donald E. Keen,*
B.-193181, 1979 WL 12519 (Comp. Gen. May 22, 1979) ..........................29

*Friedman v. United States,*
310 F.2d 381 (Ct. Cl. 1962) ......................................................................22

*Hart v. United States,*
910 F.2d 815 (Fed. Cir. 1990)...................................................................20

*Heino v. Shinseki,*
683 F.3d 1372 (Fed. Cir. 2012)..................................................................29

*Hernandez v. Department of the Air Force,*
498 F.3d 1328 (Fed. Cir. 2007)............................................................34, 35

*Honorable Slate Gordon,*
B-215494, 1984 WL 46509 (Comp. Gen. Sept. 4, 1984) ...........................25

*Illinois Surety Co. v. United States ex rel. Peeler,*
240 U.S. 214 (1916)............................................................ 12, 29, 30-31

*John P. Cookson,*
53 Comp. Gen 337 (1973)..........................................................................27

*John R. Sand & Gravel Co. v. United States,*
    552 U.S. 130 (2008) ................................................................ 34

*Jordan v. United States,*
    158 Fed. Cl. 440 (2022) .......................................................... 22

*Massie v. United States,*
    166 F.3d 1184 (Fed. Cir. 1999) ............................................. 16

*Morton v. Mancari,*
    417 U.S. 535 (1974) ........................................................ 11, 35

*N.R. Breningstall,*
    52 Comp. Gen. 420 (1973) ...................................................... 20

*Paige v. United States,*
    159 Fed. Cl. 383 (2022) ..................................................... 13, 34

*Public Hous. Comm'r,*
    27 Comp. Gen. 429 (1948) ...................................................... 27

*Ralph M. Gibson,*
    B-223734, 1986 WL 64340 (Comp. Gen. Oct. 21, 1986) ........................... 29

*[REDACTED] Claimant,*
    2019 WL 9829097 (D.O.H.A.C.A.B. Nov. 26, 2019) ............................... 29

*Reeves v. United States,*
    49 Fed. Cl. 560 (Fed. Cl. 2001) ............................................... 28

*Wells v. United States,*
    420 F.3d 1343 (Fed. Cir. 2005) ................................................ 22

## Statutes:

Act of Mar. 3, 1817, ch. 45, § 2, 3 Stat. 366, 366 ...................... 4, 17, 31

Act of Oct. 9, 1940, Pub. L. No. 76-820, 54 Stat. 1061, 1061 ............... 19

GAO Act of 1974, Pub. L. No. 93-604, § 801, 88 Stat. 1959 (1975) ........... 20

General Accounting Office Act of 1996,
Pub. L. No. 104-316, § 202(n), 110 Stat. 3826, 3843-44............................................. 18

National Defense Authorization Act for Fiscal Year 2008,
Pub. L. No. 110-181, div. A, tit. VI, § 641(a), (b), 122 Stat. 3, 156............................ 7

10 U.S.C. §§ 1201-1222 .......................................................................................... 7

10 U.S.C. § 1413a ................1, 2, 3, 6, 11, 12, 14, 15, 16, 24, 27, 28, 29, 31, 32, 33, 34, 35

10 U.S.C. § 1413a(a) .............................................................................................. 7

10 U.S.C. § 1413a(d) .............................................................................................. 7

10 U.S.C. § 1414 .................................................................................................... 6

10 U.S.C. § 1448 .................................................................................................. 28

10 U.S.C. § 2733 ........................................................................................... 3, 25, 26

10 U.S.C. § 7802 .................................................................................................. 26

10 U.S.C. § 8822 .................................................................................................. 26

10 U.S.C. § 12731 ................................................................................................ 28

10 U.S.C. § 12738 ................................................................................................ 28

28 U.S.C. § 1295(a)(2) ............................................................................................ 3

28 U.S.C. § 1346(a)(2) ...................................................................................... 2, 10

28 U.S.C. § 2401(b) .............................................................................................. 26

28 U.S.C. ch. 171................................................................................................ 4, 18, 25

28 U.S.C. § 2672 .................................................................................................. 25

31 U.S.C. § 3702............................................................. 1, 3, 4, 5, 6, 16, 17, 18, 27

31 U.S.C. § 3702(a)(1) ....................................................... 1, 4, 5, 14, 15, 19, 21, 28, 29

31 U.S.C. § 3702(a)(1)-(3) ..................................................................................... 5

31 U.S.C. § 3702(a)(2) ............................................................. 19

31 U.S.C. § 3702(a)(4) ........................................ 4, 14, 15, 19, 21

31 U.S.C. § 3702(b)(1) ......................................................... 5, 22

31 U.S.C. § 3702(b)(2) ............................................................... 5

31 U.S.C. § 3702(e) ................................................................. 23

31 U.S.C. § 3702(e)(1) ...................................................... 5, 9, 10

31 U.S.C. § 3702(e)(3) ............................................................... 5

31 U.S.C. § 3721 ....................................................................... 3

31 U.S.C. § 3723 ................................................................. 4, 18

38 U.S.C. § 4324(c)(1) ............................................................ 35

38 U.S.C. § 5110(b)(1) ........................................................ 22, 23

38 U.S.C. § 5304 ...................................................................... 6

38 U.S.C. § 5305 ...................................................................... 6

39 U.S.C. § 401(8) .................................................................. 26

**Rules:**

Fed. R. App. P. 4(a) ................................................................. 3

Fed. R. Civ. P. 59 ..................................................................... 2

**Legislative Materials:**

H.R. Rep. No. 76-1541 (1940) ............................................... 20, 33

H.R. Rep. No. 93-1300 (1974) .................................................. 20

S. Rep. No. 76-1338 (1940) ................................................... 20, 33

**Other Authorities:**

DoD, *Combat-Related Special Compensation (CRSC)* (2004),
https://perma.cc/Q3DU-ZV9P ........................................................................8, 9, 32

DoD, *Combat-Related Special Compensation (CRSC) for Certain Combat-Disabled Uniformed Services Retirees* (2008),
https://perma.cc/7V75-FZFY .................................................................................. 8

DoD Instruction 1340.21, *Procedures for Settling Personnel and General Claims and Processing Advanced Decision Requests* (May 12, 2004),
https://perma.cc/W73C-UPEF..........................................................................9, 15, 23

DoD 7000.14-R, *DoD Financial Management Regulation*, vol. 7B, ch. 63 (May 2002),
https://perma.cc/75YR-ZWEQ .................................................................7, 8, 9, 14, 32

GAO, *Annual Report of the Comptroller General for the Fiscal Year Ended June 30, 1939* (1939) ...................................................................................................................... 20

GAO, GAO-08-978SP, *Principles of Federal Appropriations Law* (2008),
https://www.gao.gov/assets/gao-08-978sp.pdf ....................3, 4, 5, 17, 18, 25, 26, 27

Memorandum from Comptroller General, B-275606, *Transfer of Claims Settlement and Related Advance Decisions, Waivers, and Other Functions* (Mar. 17, 1997),
https://perma.cc/89K2-DBKA..........................................................................19, 21

Order, *Paige v. United States*, No. 21-1268C, Dkt. 43 (Ct. Fed. Cl. Oct. 5, 2022) .......... 13

## STATEMENT OF RELATED CASES

This appeal concerns the question whether claims for combat-related special compensation under 10 U.S.C. § 1413a are subject to the Barring Act's six-year statute of limitation governing the settlement of claims against the government. 31 U.S.C. § 3702. The district court, which had jurisdiction under the Little Tucker Act over the named plaintiff's claim of less than $10,000, 28 U.S.C. § 2401, certified a class of all former service members of the United States Army, Navy, Marine Corp, Air Force, or Coast Guard who were determined eligible for combat-related special compensation but whose total compensation was limited by the statute of limitations contained in 31 U.S.C. § 3702 and have a claim of less than $10,000.

No other appeal from the present civil action has previously been before this or any other appellate court. A related class action involving claims by individual plaintiffs of greater than $10,000 is currently pending in the Court of Federal Claims. *Paige v. United States*, 1:21-cv-1268.

# INTRODUCTION

Through 31 U.S.C. § 3702, which is sometimes referred to as the Barring Act, Congress created a comprehensive administrative claims settlement process for all claims against the United States, including by authorizing the Secretary of Defense to settle all claims "involving uniformed service member's pay, allowances, travel, transportation, payments for unused accrued leave, retired pay, and survivor benefits." *Id.* § 3702(a)(1). As relevant here, the Barring Act's comprehensive settlement procedures generally require that any claim falling within the scope of that Act be presented to the official responsible for settling the claim within six years of its accrual or else be forever barred.

Plaintiff class members are retired members of the uniformed services who waited more than six years to file applications for combat-related special compensation (CRSC) under 10 U.S.C. § 1413a. There is no dispute that plaintiffs are entitled to CRSC on a prospective, ongoing basis. Likewise, there is no dispute that the Department of Defense (DoD) may pay retroactive compensation for up to six years preceding plaintiffs' applications for CRSC. Instead, the only dispute is whether plaintiffs may be compensated for monthly claims that accrued more than six years before they applied for CRSC.

Although the Barring Act permits the Secretary of Defense to waive the applicable statute of limitations for claims of less than $25,000, the class members have not submitted written requests for such waivers, much less established a right to

that equitable remedy. Rather, plaintiffs filed suit under the Little Tucker Act, arguing that 10 U.S.C. § 1413a provides its own settlement mechanism that supersedes the Barring Act and permits plaintiffs to receive more than six years of retroactive payments notwithstanding their failure to timely present their claims or request a waiver. Contrary to the district court's decision, however, section 1413a does not authorize the "settlement" of disputes involving CRSC or create any administrative claims settlement process that would govern disputes about retroactive compensation and displace the Barring Act's provisions. Instead, section 1413a, like a plethora of other statutes involving military entitlements, merely establishes a substantive right to a certain type of payment. Nothing in the text or history of that provision suggests that Congress intended, *sub silentio*, to supersede the Barring Act's remedial scheme and treat claims involving CRSC as distinct from every other form of military entitlement. This Court should reverse.

## STATEMENT OF JURISDICTION

Plaintiffs invoked the jurisdiction of the district court under the Little Tucker Act, 28 U.S.C. § 1346(a)(2). The district court issued an order granting summary judgment in favor of the plaintiffs on December 16, 2021. Dkt. 96 (Appx3-6), Dkt. 97 (Appx2). On January 13, 2022, plaintiffs filed a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59. Dkt. 98. That motion was denied on May 10, 2022. Dkt. 105 (Appx1). The government filed a timely notice of

appeal on July 8, 2022. Dkt. 106; *see also* Fed. R. App. P. 4(a). This Court has

appellate jurisdiction under 28 U.S.C. § 1295(a)(2).

## STATEMENT OF THE ISSUE

Whether the six-year statute of limitations in 31 U.S.C. § 3702, also known as

the Barring Act, limits the amount of retroactive compensation on plaintiffs' claims

for unpaid combat-related special compensation under 10 U.S.C. § 1413a.

## STATEMENT OF THE CASE

I.    **Statutory and Regulatory Background**

A.    **Settlement Authority Under 31 U.S.C. § 3702**

**1.**    Under the doctrine of sovereign immunity, the United States cannot be

sued—nor can the funds, property, or rights of the federal government be given

away—without its clear and explicit consent through legislative acts. As a general

matter, there are a variety of statutes that, in varying degrees of detail, waive sovereign

immunity and bestow upon administrative agencies the authority to administratively

entertain and settle claims against the federal government. *See, e.g.*, Military Claims

Act, 10 U.S.C. § 2733; Military Personnel and Civilian Employees' Claims Act of 1964,

31 U.S.C. § 3721. *See generally* U.S. General Accounting Office (GAO), GAO-08-

978SP, *Principles of Federal Appropriations Law* 14-21 (2008),

https://www.gao.gov/assets/gao-08-978sp.pdf (GAO Red Book). At issue in this

case is application of one such statute, 31 U.S.C. § 3702, which provides a

comprehensive remedy for the settlement of claims not covered by other laws. *See*

3

*generally* GAO Red Book 14-23–14-28. As particularly relevant here, that law delegates to the Secretary of Defense the authority to settle all claims "involving uniformed service member's pay, allowances, travel, transportation, payments for unused accrued leave, retired pay, and survivor benefits." 31 U.S.C. § 3702(a)(1).

As originally enacted, this general settlement "authority was not only comprehensive but exclusive," and provided that "all claims and demands whatever, by the United States or against them, and all accounts whatever, in which the United States are concerned . . . shall be settled and adjusted in the Treasury Department." GAO Red Book 14-23 (quoting Act of Mar. 3, 1817, ch. 45, § 2, 3 Stat. 366, 366). Over time, however, Congress enacted other statutes which delegated settlement authority over specific kinds of claims to other agencies. *See, e.g.*, 28 U.S.C. ch. 171 (establishing a distinct administrative claims settlement process for claims arising under the Federal Tort Claims Act); 31 U.S.C. § 3723 (similarly establishing a distinct administrative claims settlement process for claims arising under the Small Claims Act); *see also* GAO Red Book 14-21–14-22 (listing other statutes with separate administrative claims processes).

Thus, in its current form, 31 U.S.C. § 3702 makes clear that it is a law of general applicability, whose provisions apply unless superseded by another, more specific statute. In addition, under the current law, responsibility for settling "claims of or against the United States," generally vests in the Office of Management and Budget, *see* 31 U.S.C. § 3702(a)(4), subject to certain enumerated exceptions, including

4

a delegation to the Secretary of the Defense the authority to settle claims involving, *inter alia*, military pay, retired pay, and similar claims involving the accounts of active and retired military personnel, *see id.* § 3702(a)(1)-(3).

**2.** As relevant here, 31 U.S.C. § 3702 contains a six-year statute of limitations. In order to be considered for settlement, all claims falling within the scope of the statute must be "received by the official responsible . . . for settling the claim or by the agency that conducts the activity from which the claim arises within six years after the claim accrues." 31 U.S.C. § 3702(b)(1).

The statute provides for a limited number of exceptions to this six-year time limit, including an exception for active "member[s] of the armed forces," for whom the statute is tolled "during war." 31 U.S.C. § 3702(b)(2); *see also* GAO Red Book 14-28 (noting that this tolling provision applies only to claims of active service members, not retired service members). In addition, the Secretary of Defense is permitted to "waive the time limitations" for claims of less than $25,000 that fall within the scope of the Secretary's settlement authority under 31 U.S.C. § 3702(a)(1). 31 U.S.C. § 3702(e)(1), (e)(3). However, except as expressly provided by statute, agencies are not permitted to waive or extend this six-year statute of limitations, and claims accruing before that period are forever barred. For this reason, the comprehensive

administrative claims settlement process authorized by 31 U.S.C. § 3702 is sometimes informally known as the Barring Act.[1]

## B. Combat-Related Special Compensation

**1.** Generally speaking, retired members of the uniformed service who are entitled to both military retired pay from the Department of Defense and disability compensation from the Department of Veterans Affairs (VA) may not lawfully receive the full amount of both their retired pay and VA disability compensation. 38 U.S.C. § 5304. Instead, retired service members who wish to receive disability compensation are generally required to waive a portion of their military retired pay in an amount equal to the amount of disability compensation they receive. *Id.* § 5305; *but see* 10 U.S.C. § 1414.

As of May 31, 2003, however, retired service members who can establish that their compensable disability is directly attributable to a "combat-related" event can receive additional compensation up to the amount of waived retired pay. 10 U.S.C. § 1413a. As originally enacted, this substantive entitlement to "combat-related special compensation" or "CRSC" was payable only to individuals who had completed at least twenty years of military service. However, effective January 1, 2008, Congress expanded eligibility to retirees with fewer than twenty years of service and who are

---

[1] Some decisions and documents refer only to the statute of limitations as the Barring Act, while others use the term to refer to the administrative claims settlement regime more broadly. To avoid confusion, this brief uses the term "Barring Act" to refer to the comprehensive administrative claims settlement process.

medically retired under 10 U.S.C. §§ 1201-1222. *See* National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, div. A, tit. VI, § 641(a), (b), 122 Stat. 3, 156.

**2.** The statute authorizing payment of CRSC provides that the Secretary of Defense "shall prescribe procedures and criteria under which a disabled uniformed services retiree may apply" for that benefit. 10 U.S.C. § 1413a(d). To that end, the Department of Defense has promulgated regulations and program guidance setting forth procedures governing applications for CRSC that apply uniformly throughout the various Military Departments.

As relevant here, a service member "may not be paid CRSC unless he or she has applied for and elected to receive compensation" by filing the required form with the Military Department from which the member retired. DoD 7000.14-R, *DoD Financial Management Regulation*, vol. 7B, ch. 63, at 63-6 (May 2002), https://perma.cc/75YR-ZWEQ (DoD 7000.14-R); *see also* 10 U.S.C. § 1413a(a) (requiring that eligible retirees "elect[]" CRSC). After an application is submitted, the relevant Military Department will review the application to determine whether the service member is in retired status, eligible for retired pay, and has a service-connected disability that is rated by the VA as at least 10% disabling. DoD 7000.14-R, at 63-7.

If those preliminary criteria are met, the Military Department will determine whether one or more of the applicant's disabilities are directly attributable to a combat-related event within the meaning of the statute. DoD 7000.14-R, at 63-18; *see*

7

*also* DoD, *Combat-Related Special Compensation (CRSC)* (2004),

https://perma.cc/Q3DU-ZV9P (2004 Program Guidance); DoD, *Combat-Related*

*Special Compensation (CRSC) for Certain Combat-Disabled Uniformed Services Retirees* (2008),

https://perma.cc/7V75-FZFY (2008 Program Guidance). If so, the retired service

member is eligible for, and will begin receiving, CRSC payments.

　　The Department of Defense's regulations and program guidance also make

clear that the Department will treat applications for CRSC as requests for retroactive

pay for months accruing prior to the submission of an application.  To that end, the

Department's financial management regulation states that retired service members

"may submit an application for CRSC at any time," and if determined eligible, the

military will pay CRSC "for any month after May 2003 for which all conditions of

eligibility were met, subject to any legal limitations."  DoD 7000.14-R, at 63-6; *see also*

2004 Program Guidance 2 ("Members may submit an application for CRSC at any

time and, if otherwise qualified for CRSC, compensation will be paid retroactively, to

the extent otherwise allowed by law[.]"); 2008 Program Guidance 2 ("Payments will

be made retroactive to the date of initial qualification, for all approved applications no

matter when received, to the extent otherwise allowed in law[.]").  In practice, that

means that applicants may submit a claim for CRSC at any time, and their application

will be considered—and some amount of retroactive payment provided—regardless

of when the applicant's claim for CRSC first accrued.  However, because the

Department of Defense's authority to settle claims involving military pay is expressly

8

limited by the Barring Act's six-year statute of limitations, the Department generally caps the amount of retroactive CRSC pay to six years' worth of benefits.

Applicants who are dissatisfied with the final determination of their claim for CRSC are entitled to the "same appeals and correction processes" that applies to claims for all other forms of "military pay and allowances." DoD 7000.14-R, at 63-19; *see also* 2004 Program Guidance 9. This includes the process established for requests to waive the six-year statute of limitations for claims of less than $25,000 under 31 U.S.C. § 3702(e)(1). *See* DoD Instruction 1340.21, *Procedures for Settling Personnel and General Claims and Processing Advanced Decision Requests* enclosure 6, ¶ 4 (May 12, 2004), https://perma.cc/W73C-UPEF. Under that process, claimants may submit a written request to the appropriate Military Department with an explanation why the claimant believes a waiver of the statute of limitations is warranted. *Id.* enclosure 6, ¶ 4.3. If the Secretary of that Military Department recommends that the time limit be waived, the request will be forwarded to the Defense Office of Hearings and Appeals for final disposition. *Id.* And if granted, the claimant may receive more than six years' worth of retroactive compensation, notwithstanding the ordinary six-year statute of limitations.

## II.    Factual and Procedural Background

**A.** Plaintiff Simon Soto is a retired member of the United States Marine Corps with a combat-related disability. Mr. Soto enlisted in the Marine Corps in August 2000 and was medically retired from active duty in April 2006. Dkt. 1, ¶ 58. In June

2009, the VA determined that Mr. Soto was eligible for disability compensation with a condition that was at least 10% disabling. *Id.* ¶ 59. At that point, Mr. Soto was able to file a claim with the Navy to receive CRSC. *See id.* ¶ 60. But Mr. Soto did not file any such claim until seven years later, in June 2016. *Id.* ¶ 61.

In a letter issued on October 17, 2016, the Navy determined that Mr. Soto's disability was combat-related and that he was therefore entitled to CRSC payments. Dkt. 1, ¶ 61; Dkt. 21-3. However, the Navy informed Mr. Soto that its ability to settle his claim for retroactive CRSC payments for months preceding his application was limited under the Barring Act. Dkt. 21-3, at 1. The award letter thus stated that the Department of Defense would provide Mr. Soto retroactive payments effective July 2010, which was six years from the date of his application. *Id.* at 1-2. During discovery in this case, the Department of Defense estimated that the additional amount of retroactive pay in dispute was significantly less than the $10,000 jurisdictional limit under the Little Tucker Act, 28 U.S.C. § 1346(a)(2).

**B.** Although the total amount in dispute in Mr. Soto's case was far less than $25,000, he did not submit a written application requesting that the Secretary of Defense waive the Barring Act's six-year statute of limitations under 31 U.S.C. § 3702(e)(1), nor have plaintiffs argued that Mr. Soto or any other class member should be found eligible for such a waiver. Instead, on March 2, 2017, Mr. Soto filed a class action suit in the Southern District of Texas under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), on behalf of himself and all others similarly situated—*i.e.*, retired

10

service members whose claims for retroactive payment were limited by the Barring Act's six-year statute of limitations.  Mr. Soto argued that the Barring Act did not apply to his claim for CRSC, and that he was entitled to payment retroactive to January 1, 2008—the date that Congress expanded CRSC eligibility to retirees who, like Mr. Soto, have fewer than 20 years of service.

The government filed a motion for judgment on the pleadings, which the district court denied.  Dkt. 39 (Appx7-11).  The court held that the Barring Act did not apply to the settlement of CRSC claims, reasoning that 10 U.S.C. § 1413a was a "specific" and more recently enacted statute whose terms trump the provisions of the more "general" Barring Act.  Appx10-11 (quoting *Morton v. Mancari*, 417 U.S. 535, 550-51 (1974)).  In so holding, the district court did not identify with any particularity which "specific" features of 10 U.S.C. § 1413a would govern the settlement of disputes involving CRSC.  Instead, the court simply cited the pro-veterans' canon of statutory interpretation, without explaining how that canon might guide the interpretation of the relevant statutes.  Appx10.

In February 2019, the district court certified the following class:

> Former service members of the United States Army, Navy, Marine Corps, Air Force, or Coast Guard whose CRSC applications under 10 U.S.C. § 1413a were granted, but whose amount of CRSC payment was limited by Defendant's application of the statute of limitations contained in 31 U.S.C. § 3702 and have a claim of less than $10,000.

Dkt. 61, at 7.  That certification was designed to exclude putative class members in the related class action pending in the Court of Federal Claims, *Paige v. United States*,

1:21-cv-1268, which involves service members asserting claims for unpaid CRSC greater than $10,000. Following class notice, the parties filed cross-motions for summary judgment.

In December 2021, the district court granted summary judgment for the plaintiffs. Dkt. 96 (Appx2-6). The court reiterated its prior view that the Barring Act does not apply to plaintiffs' claims for CRSC because the statute authorizing CRSC, 10 U.S.C. § 1413a, contains its own "settlement mechanism." Appx5. Relying on a passage from *Illinois Surety Co. v. United States ex rel. Peeler*, 240 U.S. 214, 219 (1916), the district court reasoned that "to settle a claim means to administratively determine the validity of that claim." Appx5. The court then found that 10 U.S.C. § 1413a authorizes such a determination because it "defines eligibility for CRSC, helps explain the amount of benefits and instructs the Secretary of Defense to prescribe procedures and criteria for individuals to apply for CRSC." Appx5. The court determined that this was sufficient to establish a specific settlement authority that took precedence over the Barring Act. Appx5. Accordingly, the district court entered judgment against the government, ordering the Department of Defense pay to each class member the amount of CRSC withheld as a result of application of the Barring Act. Dkt. 97 (Appx2).

The district court granted the government's motion to stay execution of that judgment pending appeal. Mr. Soto then filed a motion to alter or amend the judgment, seeking an order that would compel the government to calculate the

12

amount of class members' claims and issue payment within 90 days of judgment.  The district court denied that motion on May 10, 2022.  The government then timely appealed.[2]

## SUMMARY OF ARGUMENT

Plaintiff class members are retired service members who filed applications for combat-related special compensation more than six years after their claims for CRSC first accrued.  There is no dispute that plaintiffs are entitled to CRSC on an ongoing and prospective basis.  Under governing regulations and program guidance issued by the Department of Defense, retired service members may apply for CRSC at any time, regardless of when their claims first accrued.  And the class members are, by definition, individuals whose claims for CRSC "were granted."  Appx2.

There is also no dispute that class members are entitled to *some* retroactive compensation for months preceding their application for CRSC.  The Department of Defense's governing regulations and program guidance provide that any application for CRSC will be treated as the submission of a claim for payment of CRSC "for any

---

[2]  Citing the district court's decision in this case as persuasive authority, in April 2022, the Court of Federal Claims denied the government's motion to dismiss the related class action *Paige v. United States*, 159 Fed. Cl. 383, 386-87 (2022), involving service members asserting claims for unpaid CRSC greater than $10,000.  The government moved to stay further proceedings in *Paige* pending the resolution of this appeal.  The Court of Federal Claims granted that motion in part, except that the court will allow briefing on the motion to certify the class while this appeal remains pending.  Order, *Paige v. United States*, No. 21-1268C, Dkt. 43 (Ct. Fed. Cl. Oct. 5, 2022).

month . . . for which all conditions of eligibility were met," and that the government will pay the full extent of that claim "subject to any legal limitations." DoD 7000.14-R, at 63-6. Critically, however, the Department of Defense's authority to settle claims for retroactive compensation arises from the Barring Act, 31 U.S.C. § 3702(a)(1), (a)(4), which requires that any claim for back pay be presented within six years of its accrual. The Barring Act thus establishes a "legal limitation" on the amount of retroactive compensation that can be provided to retired service members who wait more than six years to submit an application for CRSC.

The district court incorrectly held that the Barring Act's six-year statute of limitations does not apply to class members' claims for retroactive payment of CRSC. In the court's view, 10 U.S.C. § 1413a provides its own settlement mechanism that supersedes the general settlement authority of the Barring Act. But the district court did not identify which provision of 10 U.S.C. § 1413a authorizes the "settlement" of disputes involving CRSC, nor did the court identify any specific procedures set forth in that statute that would displace the Barring Act's comprehensive administrative claims settlement process.

Instead, the district court's holding was based entirely on the court's belief that by establishing a substantive right to CRSC, Congress implicitly authorized the Department of Defense to settle all claims arising out of that statute's operations. But that argument proves far too much. Although 10 U.S.C. § 1413a identifies the individuals who are entitled to a specific type of military compensation, the same is

14

true for a plethora of other statutes authorizing military compensation. Indeed, military pay is entirely a creature of statute, not contract; in the absence of a statute establishing a substantive right to payment, no service member would *ever* be eligible for compensation. But merely establishing a substantive right to payment is not the same as creating an administrative claims settlement process that governs disputes about the precise amount of unpaid compensation that is due. In fact, disputes about unpaid military compensation and the precise amount due to military personnel and retired military personnel are routinely settled by the Department of Defense pursuant to its authority under the Barring Act. *See* 31 U.S.C. § 3702(a)(1), (a)(4); *see also* DoD Instruction 1340.21, *supra* (establishing process for resolving such disputes).

The district court's reasoning is particularly anomalous because 10 U.S.C. § 1413a was enacted against this well-established backdrop of settling disputes involving the accounts of military personnel pursuant to the terms of the Barring Act, whose statute of limitations was enacted precisely to avoid the administrative and financial burdens attendant with processing potentially decades-old claims for payment. Section 1413a does not contain any specific statute of limitations that would displace the Barring Act's six-year statute of limitations. And nothing in the text or history of 10 U.S.C. § 1413a suggests that Congress intended, *sub silentio*, to supersede the Barring Act's general limitation period and treat claims involving CRSC as distinct from every other form of military entitlement by allowing such claims to accrue indefinitely. This Court should reverse.

# ARGUMENT

## I.    Standard of Review

This Court reviews the district court's action on the cross-motions for summary judgment de novo because they involve no disputed issues of fact and concern only the proper interpretation of 10 U.S.C. § 1413a and the Barring Act, 31 U.S.C. § 3702. *See Massie v. United States*, 166 F.3d 1184, 1187 (Fed. Cir. 1999).

## II.    The District Court Erred in Holding that the Barring Act's Six-Year Statute of Limitations Does Not Apply to Claims Involving Combat-Related Special Compensation

At issue in this case are class members' claims for retroactive payment of combat-related special compensation or "CRSC," which is an entitlement available under 10 U.S.C. § 1413a to retired service members with qualifying combat-related disabilities. Under governing procedures established by statute and regulation, a service member qualifies for CRSC if they (i) have a service-connected disability rated by the VA that is at least 10% disabling or higher and which is directly attributable to a combat-related event, and (ii) are entitled to retired pay which is reduced by the amount of disability compensation they receive from the VA. Once these criteria are met, retired service members may file a claim for CRSC and begin receiving that compensation on a recurring monthly basis.

Class members are all retired service members who qualify for CRSC, but who submitted a claim for CRSC more than six years after their claim first accrued—that is, more than six years after they were first eligible to file an application requesting

16

payment. It is undisputed here that class members are entitled to (and indeed, receive) CRSC on a recurring monthly basis. It is also undisputed that the Department of Defense has the authority to settle class members' claims for retroactive payment of CRSC and pay class members for at least some months accruing prior to the class members' applications for CRSC. The only question in this appeal is whether the Department of Defense's authority to settle class members' claims for unpaid CRSC is subject to a six-year cap in light of the statute of limitations in 31 U.S.C. § 3702.

### A. The Authority to Settle Claims Involving Unpaid CRSC Arises Out of 31 U.S.C. § 3702

**1.** Claims for back pay and similar claims involving the accounts of active and retired military personnel are typically resolved under 31 U.S.C. § 3702, which provides a comprehensive remedy for the settlement of claims against the United States. *See generally* GAO Red Book 14-23–14-28. As originally enacted, this settlement "authority was not only comprehensive but exclusive" and provided that "all claims and demands whatever, by the United States or against them, and all accounts whatever, in which the United States are concerned . . . shall be settled and adjusted in the Treasury Department." *Id.* (quoting Act of Mar. 3, 1817, ch. 45, § 2, 3 Stat. at 366). Since then, Congress has made numerous amendments to this broad grant of settlement authority. Three of those amendments are relevant here.

*First*, the general administrative claims settlement authority provided under 31 U.S.C. § 3702 is no longer an exclusive remedy. *See* GAO Red Book 14-23–14-24 (detailing the history of the provision). Over the years, Congress has enacted other statutes expressly granting settlement authority to specific agencies over certain claims arising out of their operations, and those specific administrative claims settlement procedures supersede the Barring Act's generally applicable provisions. *Id.*; *see also, e.g.*, 28 U.S.C. ch. 171 (establishing a distinct administrative claims settlement process for claims arising under the Federal Tort Claims Act); 31 U.S.C. § 3723 (establishing a distinct administrative claims settlement process for claims arising under the Small Claims Act).

*Second*, Congress has transferred the responsibility for settling claims against the United States from the Treasury Department to different agencies. *See generally* GAO Red Book 14-23–14-24 (detailing the history of such transfers). In 1921, for example, Congress transferred responsibility for settling all claims falling within the scope of the Barring Act to the head of the GAO, the Comptroller General of the United States (Comptroller General). That authority remained with the Comptroller General until 1996, when Congress again transferred settlement responsibility to the Office of Management and Budget, with certain enumerated exceptions. *See* General Accounting Office Act of 1996, Pub. L. No. 104-316, § 202(n), 110 Stat. 3826, 3843-44.

18

As particularly relevant here, Congress assigned to the Secretary of Defense the specific authority to settle a broad variety of claims involving military compensation. 31 U.S.C. § 3702(a)(1)(A); *see also id.* § 3702(a)(2) (similarly delegating to the Office of Personnel Management claims involving federal civilian employees' compensation). Likewise, although the Office of Management and Budget retains jurisdiction over all other claims falling within the Barring Act's scope, *id.* § 3702(a)(4), that agency has delegated to the Department of Defense the authority to settle, among other things, "[c]laims for military personnel pay, allowances, travel, transportation, retired pay, and survivor benefits, and final settlement of the accounts of such personnel." Memorandum from Comptroller General, B-275606, *Transfer of Claims Settlement and Related Advance Decisions, Waivers, and Other Functions* 2 (Mar. 17, 1997), https://perma.cc/89K2-DBKA.

*Third*, Congress established a statute of limitations for all claims falling within the scope of the Barring Act. As first enacted in 1940, that law provided that, subject to certain limited exceptions, any claim within the scope of the Barring Act had to be presented to the official responsible for settling such claims—then, the Comptroller General—"within ten full years after the date such claim first accrued" or else "be forever barred." *See* Act of Oct. 9, 1940, Pub. L. No. 76-820, 54 Stat. 1061, 1061. Legislative reports accompanying that amendment specified that this provision was enacted to address the problem of numerous claims brought by veterans and federal employees for "old pay or allowance" that were submitted "50 to 100 years after they

19

first accrued," including "claims which accrued during the period of the Spanish-American War."  S. Rep. No. 76-1338, at 2 (1940); *see also* H.R. Rep. No. 76-1541, at 2 (1940) ("[T]he effort to develop old claims requires a vast amount of time . . . and the resultant cost, from which the United States obtains no benefit, is so great as to make it prejudicial to the interests of the United States." (quoting GAO, *Annual Report of the Comptroller General for the Fiscal Year Ended June 30, 1939* (1939))).

Congress later reduced the statute of limitations to six years in order to conform with the time for filing in federal court under the Tucker Act and Little Tucker Act.  GAO Act of 1974, Pub. L. No. 93-604, § 801, 88 Stat. 1959 (1975); H.R. Rep. No. 93-1300, at 18 (1974) ("The 6 years so provided is the same as that allowed for the filing of suits against the United States in the Court of Claims under 28 U.S.C. 2501 and in the U.S. district courts under 28 U.S.C. 2401.").  Unless expressly provided by statute, agencies are not permitted to waive or extend this six-year statute of limitations.  *See, e.g.*, *N.R. Breningstall*, 52 Comp. Gen. 420 (1973).  Such disputes are also generally not justiciable under the Tucker Act or Little Tucker Act.  *See, e.g.*, *Hart v. United States*, 910 F.2d 815 (Fed. Cir. 1990) (holding that a claim brought by a military widow for a survivor annuity was barred because she filed suit more than six years after her husband's death); *Davis v. United States*, 550 F. App'x 864 (Fed. Cir. 2013) (per curiam) (holding that a retired service member's claim for unpaid retired pay was untimely because it was based on an allegedly unlawful discharge occurring more than six years before he filed suit).

**2.** The Department of Defense has authority to settle claims involving CRSC under the Barring Act, and class members' claims for back pay of CRSC are therefore subject to a six-year cap in light of the Barring Act's statute of limitations.

As discussed above, the Barring Act expressly grants the Secretary of Defense broad authority to settle all "claims involving uniformed service members' pay, allowances, travel, transportation, payments for unused accrued leave, retired pay, and survivor benefits." 31 U.S.C. § 3702(a)(1). A claim for CRSC, which is special compensation available only to retired service members with combat-related disabilities, is undoubtedly a claim "involving uniformed service members' pay" or "retired pay" that falls within this provision. And even if a claim for CRSC were not a claim "involving uniformed service members' pay," it is still a claim "of or against the United States," for which the Barring Act has granted settlement authority to Director of the Office of Management and Budget. *See id.* § 3702(a)(4). That office, in turn, has delegated to the Department of Defense the broad authority to settle all "[c]laims for military personnel pay, allowances, travel, transportation, retired pay, and survivor benefits, and final settlement of the accounts of such personnel." Memorandum from Comptroller General, *supra*, at 2.

Because the Department of Defense's authority to settle claims involving CRSC arises from the express provisions of the Barring Act, such claims are subject to that Act's six-year statute of limitations. Notably, however, CRSC is "due and payable periodically," and thus, under the doctrine of continuing claims, failure to file

within six years of the date that the claim first accrued does not prohibit consideration of a claim for CRSC in its entirety. *See, e.g., Wells v. United States*, 420 F.3d 1343, 1345 (Fed. Cir. 2005); *see also Jordan v. United States*, 158 Fed. Cl. 440 (2022) (discussing history of the continuing claims doctrine); *Friedman v. United States*, 310 F.2d 381 (Ct. Cl. 1962) (same). Rather, under that doctrine, a new claim arises "each time the government allegedly fail[s] to pay the proper amount." *Wells*, 420 F.3d at 1346. Accordingly, even if an individual does not file within six years, the Department of Defense may consider claims for months "accruing within six years of the date" that the individual filed a claim. *Id.* at 1348; *see also Adams v. Hinchman*, 154 F.3d 420, 422 (D.C. Cir. 1998) (per curiam) (holding that a "six-year statute of limitations means that an employee could recover six years of back pay or overtime compensation dating from the time he or she first filed suit").[3]

---

[3] In *Arellano v. McDonough*, No. 21-432 (argued Oct. 4, 2022), the Supreme Court will address whether the one-year grace period in 38 U.S.C. § 5110(b)(1)—which assigns as an effective date on an award of service-connected disability compensation the day following the date of discharge if the application is filed within one year of discharge—may be equitably tolled. The government has argued, among other things, that the one-year grace period does not function as a statute of limitations in light of the statutory text and context, which is quite different from the Barring Act, *compare* 38 U.S.C. § 5110(b)(1), *with* 31 U.S.C. § 3702(b)(1). The government also has observed that under the statutory scheme, a veteran files a single application for service-connected disability benefits that is assigned a single effective date, making it unlike a continuously accruing claim. In any event, the government also has argued in *Arellano* that section 5110 emphatically and repeatedly indicates Congress's intent to limit any retroactive award of benefits in that context to one year's worth, thus rebutting any presumption of judicial tolling that would permit longer periods of retroactivity.

Furthermore, 31 U.S.C. § 3702(e) expressly permits the Department of Defense to waive the six-year statute of limitations for claims involving military pay not exceeding $25,000. Thus, any of the class members here (whose claims are, by definition, less than $10,000 in order to fall within the Little Tucker Act) could have submitted a written request to the appropriate Military Department with an explanation why the class member believed a waiver of the statute of limitations was warranted. *See* DoD Instruction 1340.21, *Procedures for Settling Personnel and General Claims and Processing Advanced Decision Requests* enclosure 6, ¶ 4 (May 12, 2004). If the Secretary of that Military Department recommended that the time limit be waived, the request would be forwarded to the Defense Office of Hearings and Appeals for final disposition. *Id.* enclosure 6, ¶ 4.3. And if granted, the claimant would receive the full amount of retroactive compensation, notwithstanding the ordinary six-year statute of limitations. Plaintiffs here, however, all failed to file within six years of when their claims for CRSC first accrued, and have not invoked these procedures to request a waiver or else shown that they are entitled to that equitable remedy. Accordingly, consistent with the Barring Act's limitations period, the Department of Defense has paid plaintiffs up to six years of retroactive compensation.

### B.    The District Court Erred in Concluding that 10 U.S.C. § 1413a Contains Its Own Administrative Claims Settlement Mechanism

The district court determined that the above-described settlement procedures do not apply to class members' claims for retroactive payment of CRSC. Rather, in

23

the court's view, the statute authorizing CRSC payments, 10 U.S.C. § 1413a, contains its own "settlement mechanism," which supersedes the administrative claims settlement procedures under the Barring Act. That conclusion was wrong.

The plain text of 10 U.S.C. § 1413a does not contain any specific provision authorizing the Department of Defense to "settle" disputes about allegedly unpaid compensation or detail what procedures apply to such claims that would displace the comprehensive remedy available under the Barring Act. Instead, section 1413a simply authorizes payment of CRSC to eligible individuals—payment that would be unavailable in the absence of that specific congressional appropriation. In that regard, section 1413a is indistinguishable from a wide variety of statutes authorizing various types of military pay or benefits, the settlement of which is uniformly understood to be governed by the Barring Act.

Moreover, the upshot of the district court's decision is that, because 10 U.S.C. § 1413a does not have a statute of limitations—a fact which alone underscores that the statute does not create any settlement mechanism—claims involving allegedly unpaid CRSC may be presented at any time without regard to when that claim first accrued. But the Barring Act's statute of limitations was enacted precisely to avoid the established problems with processing claims by veterans and federal employees seeking pay and allowances that were decades (or even centuries) old. And nothing in the text or history of section 1413a suggests that Congress intended to indefinitely

24

subject the Department of Defense to such stale claims merely by authorizing a new form of compensation.

**1.** As discussed above, the Barring Act's administrative claims settlement process is displaced only when another statute expressly provides settlement authority or sets out a specific process governing the settlement of specific claims. It is well-established, for example, that the Federal Torts Claims Act, 28 U.S.C. ch. 171, and the Military Claims Act, 10 U.S.C. § 2733, displace application of the Barring Act. *See, e.g.*, GAO Red Book 14-25; *Honorable Slate Gordon*, B-215494, 1984 WL 46509 (Comp. Gen. Sept. 4, 1984) (holding that the Comptroller General did not have authority to settle a tort claim, because that claim fell within the exclusive purview of the Federal Torts Claims Act and the Military Claims Act).

As relevant here, those statutes expressly provide that the heads of federal agencies may "settle" claims for money damages falling within the scope of those statutes, thus placing settlement authority in the hands of the agency from whose operations the claim arose, rather than the agency with general authority to settle claims against the government under the Barring Act. 28 U.S.C. § 2672 (providing the authority to "settle any claim for money damages" arising out of claims within the scope of the Federal Torts Claims Act); 10 U.S.C. § 2733 (providing the Secretary of Defense the authority to "settle, and pay in an amount not more than $100,000" tort claims arising under the Military Claims Act). In addition, both statutes contain specific statutes of limitations that displace the Barring Act's general six-year statute

of limitations; tort claims arising under either statute are "forever barred unless" they are presented to the appropriate federal agency "within two years" after the claim accrues. 28 U.S.C. § 2401(b) (Federal Torts Claims Act); 10 U.S.C. § 2733 (Military Claims Act).

Other statutes that are understood to displace the Barring Act similarly grant settlement authority over a particular type of claim to a specified agency or establish specific statutes of limitations that displace the general procedures and limitations period in the Barring Act. *See generally* GAO Red Book 14-25–26 (listing such statutes); *see also, e.g.*, 10 U.S.C. § 7802 (authorizing the Secretary of the Army to "settle" admiralty claims against the United States for, *inter alia*, damage caused by Army vessels up to $500,000); *id.* § 8822 (authorizing the Secretary of the Navy to "settle" admiralty claims against the United States for, *inter alia*, damage caused by Navy vessels up to $15,000,000).

The Postal Reorganization Act, for example, expressly provides the United States Postal Service with specific authority to "settle" claims arising out of its operations. 39 U.S.C. § 401(8). Claims against the Postal Service thus fall within the exclusive purview of the Postal Service settlement process, even if the claim would otherwise fall within the scope of settlement authority provided under the Barring Act. *Civil Serv. Comm'n*, B-179464, 1974 WL 8001 (Comp. Gen. Mar. 27, 1974) (holding that claim for back pay by Postal Service employee must be settled by the Postal Service, rather than by the Comptroller General under the then-existing

provisions of the Barring Act); *see also John P. Cookson*, 53 Comp. Gen 337, 338-39 (1973) (holding that the Barring Act does not apply to claims involving government corporations with statutory authority to "sue and to be sued in their own names," because such entities have authority to "settle their own claims or to have their final transactions treated as final and conclusive" (quoting *Public Hous. Comm'r*, 27 Comp. Gen. 429, 432 (1948))).

**2.**    In sharp contrast to the foregoing statutes establishing settlement mechanisms and limitations periods for specific types of claims, 10 U.S.C. § 1413a does not expressly authorize any agency to "settle" claims of any kind.  Instead, that statute authorizes payment of a monthly entitlement—payment that would not be available in the absence of that specific congressional appropriation.  But a statute that creates a substantive right to payment is not the same as a statute that creates a claims settlement process.  *Cf.* GAO Red Book 14-26 (noting that the Barring Act "provides only the procedural authority to settle claims administratively . . . [and] does not spell out any substantive criteria upon which claims against the government may be allowed by agencies").

The district court fundamentally erred in treating the conferral of a right to a particular type of benefit in section 1413a as a conferral of authority to settle disputes about the total amount due to individuals electing those benefits that displaces the procedures and limitations period generally applicable to such claims under 31 U.S.C. § 3702.  The court found it significant that 10 U.S.C. § 1413a "defines eligibility for

CRSC," "helps explain the amount of benefits" owed to eligible retirees, and "instructs the Secretary of Defense to prescribe procedures" for individuals to apply for CRSC. Appx5. But these features merely establish a statutory right for payment to eligible individuals; they do not authorize settlement or create procedures to govern disputes about the total payment that should be provided.

Moreover, the upshot of the district court's reasoning is that *any* statute creating a substantive entitlement to pay is a claim-settlement statute which supersedes the Barring Act's specific authorization to settle claims "involving uniformed service members' pay, allowances, travel, transportation, payments for unused accrued leave, retired pay, and survivor benefits," 31 U.S.C. § 3702(a)(1), and its attendant six-year limitations period. But in that regard, section 1413a is no different from a wide variety of other statutes that establish entitlements to various forms of military compensation. *See, e.g.*, 10 U.S.C. § 12731 (defining eligibility criteria for retired pay); *id.* § 12739 (setting out criteria for computation of retired pay); *id.* § 1448 (defining eligibility criteria for survivor annuities). Indeed, all "entitlement to military pay is statutory in nature, not contractual." *Reeves v. United States*, 49 Fed. Cl. 560, 565 (Fed. Cl. 2001); *see, e.g., Bell v. United States*, 355 U.S. 366, 401 (1961) ("A soldier's entitlement to pay is dependent upon statutory right."). The district court's reasoning would thus render 31 U.S.C. § 3702(a)(1) a virtual nullity.

Further, the district court's reliance upon the pro-veterans canon of statutory interpretation was entirely misplaced. Although that canon can be a valuable tool for

28

deciding between two competing readings of ambiguous statutory text involving the administration of veterans' benefits under title 38 of the U.S. Code, *see, e.g.*, *Heino v. Shinseki*, 683 F.3d 1372, 1379 & n.8 (Fed. Cir. 2012), here, the district court did not identify any specific provision within 10 U.S.C. § 1413a—a statute involving military pay, not VA benefits—that even arguably authorizes the settlement of claims involving CRSC, much less the settlement of disputes about retroactive CRSC payments.  The pro-veterans canon cannot fill that void, especially not against an established history of settling the accounts of military personnel under the Barring Act and its applicable six-year statute of limitations.  *See, e.g.*, *[REDACTED] Claimant*, 2019 WL 9829097 (D.O.H.A.C.A.B. Nov. 26, 2019) (claim by retired service member for retroactive retired pay); *Application of the Barring Act to Annuity Claims*, 71 Comp. Gen. 398 (1992) (claims by widows of deceased service members for survivor annuities); *Ralph M. Gibson*, B-223734, 1986 WL 64340 (Comp. Gen. Oct. 21, 1986) (claim by retired service member for backpay and allowances); *Donald E. Keen*, B-193181, 1979 WL 12519 (Comp. Gen. May 22, 1979) (claim by retired service member for retroactive retired pay).

Likewise, the district court erred in relying on *Illinois Surety Co. v. United States ex rel. Peeler*, 240 U.S. 214, 219 (1916).  The court cited that decision for the proposition that a statute creates a "settlement mechanism" that displaces the Barring Act whenever it provides for the "administrative determination of the amount due." Appx5 (quoting *Illinois Sur.*, 240 U.S. at 219).  But the Supreme Court was not called

upon in *Illinois Surety* to address whether a statute contained a specific settlement mechanism that displaced the then-exclusive authority of the Barring Act's precursor. And in any event, even under the district court's reading of *Illinois Surety*, its reasoning falls flat.

At issue in *Illinois Surety* was an action brought by a subcontractor in the name of the United States to recover upon a contractor's bond. Under the law governing contract disputes at the time, such suits could be brought only if the United States did not bring suit "within six months from the completion and final settlement of said contract," and in any event could not be commenced "until after the complete performance of said contract and final settlement thereof." *Illinois Sur.*, 240 U.S. at 217 (quotation marks omitted). The question presented was whether this exclusive six-month period began to accrue once the government issued payment or at some earlier date. The Court held that in the context of "public contracts and accounts," the word "settlement" "has a well-defined meaning as denoting the appropriate administrative determination with respect to the amount due," which was a fixed point in time distinct from the time at which payment issued. *Id.* at 218, 221.

Notably, however, the Court expressly relied upon the existence of the Barring Act's precursor and other statutes expressly granting authority to "settle" public accounts as support for its holding that the word "settlement" has a "well-defined meaning" distinct from the term payment. *Id.* at 219-20 (quoting Act of Mar. 3, 1817, ch. 45, § 2, 3 Stat. 366, 366). That only underscores that a statute which establishes a

substantive right to payment is not the same as one that creates an administrative claims settlement process governing disputes about the precise amount of compensation due. And as already discussed, 10 U.S.C. § 1413a does not expressly grant "settlement" authority, nor does it contain any procedures to govern disputes regarding allegedly unpaid compensation that would displace the Barring Act's well-established and comprehensive administrative claims settlement process.

The district court also suggested, Appx6, that 10 U.S.C. § 1413a creates its own settlement mechanism because it directs the Department of Defense to create uniform procedures governing consideration of eligibility for CRSC. But this argument proves too much. As an initial matter, it is far from clear that the Department of Defense could, by regulation, grant itself settlement authority that Congress did not. Put another way, the existence of the Department of Defense's program guidance and regulations cannot transform 10 U.S.C. § 1413a from a statute establishing a substantive right to payment for eligible individuals into a settlement statute that displaces the Barring Act.

Nor can the Department of Defense's regulations and program guidance fairly be read to establish entitlement to retroactive compensation beyond that which is permissible under the Barring Act. Instead, the relevant procedures state that retired service members can apply for CRSC at "any time," and if determined to be eligible, they will receive retroactive compensation for months prior to their application for which they would have been deemed eligible for CRSC, "subject to any legal

31

limitations." DoD 7000.14-R, at 63-6; *see also* 2004 Program Guidance 2 ("[C]ompensation will be paid retroactively, to the extent otherwise allowed by law[.]"). That instruction is entirely consistent with the Department of Defense's settlement authority under the Barring Act. As discussed *supra*, claims for CRSC are continuing claims, and thus, an individual's failure to file within six years does not prohibit consideration of the claim in its entirety. Instead, a new claim arises with each unpaid monthly payment, and individuals who wait more than six years to apply for CRSC can be considered for prospective payment. Late-filing individuals can also receive retroactive payments, but only for up to six years prior to filing their claims. That "legal limitation" flows from the Barring Act.

**3.** Finally, the district court's interpretation of 10 U.S.C. § 1413a is particularly anomalous because, as discussed, that statute was enacted against a well-established regime under which all accounts of military personnel and retired military personnel were settled under the terms of the Barring Act.

In particular, the Barring Act's statute of limitations was enacted to address the recognized problem of stale claims submitted by veterans and federal employees, seeking back pay or allowances "not infrequently from 10 to 25 years after the rights of the claimants arose," and occasionally, "50 to 100 years after they first accrued." S. Rep. No. 76-1338, at 2 (quotation marks omitted). Reports accompanying the legislation noted the significant costs associated with evaluating such stale claims, the vast majority of which were without merit. *Id.*; H.R. Rep. No. 76-1541, at 2. Because

the attendant effort was "so great as to make it prejudicial to the interests of the United States," H.R. Rep. No. 76-1541, at 2 (quotation marks omitted), Congress barred consideration of claims that were not timely submitted, except as expressly provided by statute.

Despite this established history of settling the accounts of military personnel under the Barring Act and its applicable six-year statute of limitations, the district court's decision assumes that Congress, *sub silentio*, carved out an exception for CRSC claims, distinguishing them from all other forms of military pay and allowance. But the court did not identify any basis in the text or history of section 1413a to conclude that Congress intended to displace the Barring Act's well-established procedures and limitations.

The practical consequences of the district court's erroneous ruling are potentially enormous. Imagine, for example, that a retiree has been found eligible for CRSC, but the first payment that the retiree received did not cover the full amount to which he is owed. In the ordinary course, if the retiree waited more than six years to present a claim of underpayment to the Department of Defense, the Department would be prohibited from settling that claim under the Barring Act. Likewise, if the retiree waited more than six years to bring suit in district court under the Little Tucker Act, the court would lack jurisdiction over the dispute. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134-35 (2008) (holding that the six-year statute of limitations under the Tucker Act is "jurisdictional"). If, however, the district court

33

were correct that 10 U.S.C. § 1413a contains its own settlement mechanism, the retiree could wait indefinitely before alerting the Department of Defense to its miscalculation and be entitled to back pay regardless of when he submitted a claim. But the district court's decision does not identify any basis in law or logic why CRSC would be unique in this regard, nor does it provide any persuasive reason to believe that in enacting 10 U.S.C. § 1413a, Congress intended to subject the Department of Defense to potentially indefinite claims brought by retired service members.[4]

For these reasons, plaintiffs' reliance in district court upon *Hernandez v. Department of the Air Force*, 498 F.3d 1328 (Fed. Cir. 2007), was misplaced. Plaintiffs cited that case for the proposition that a statute need not use the word "settle" in order to displace the Barring Act. Dkt. 95, at 4. Like *Illinois Surety*, however, *Hernandez* did not address whether a statutory provision granted specific settlement authority to any particular agency. And to the extent that the Barring Act is referenced at all in *Hernandez*, it was only to support the uncontroversial premise that the statute of limitations contained within a "specific statute will not be controlled or

---

[4] The significance of the district court's legal error here is illustrated by the Court of Federal Claim's recent decision in the related class action *Paige v. United States*, 159 Fed. Cl. 383 (2022), which relied upon the district court's erroneous legal reasoning to hold that the Barring Act's six-year statute of limitations does not apply claims for CRSC greater than $10,000. Because of the amount in controversy, the putative class in *Paige* potentially includes unnamed class members whose claims first accrued significantly longer than six years before filing, as well as class members with claims greater than $25,000 for whom the Secretary of Defense would not be permitted to waive the Barring Act's statute of limitations.

nullified by a general one." *Hernandez*, 498 F.3d at 1332 (quoting *Morton v. Mancari*, 417 U.S. 535, 550-51 (1974)).  In that case, the plaintiff's claim that he had been improperly charged by the military for the time that he spent on reserve duty, in violation of the Uniformed Services Employment and Reemployment Rights Act, was "governed exclusively" by that law's specific provision that such claims may be adjudicated by the Merits System Protection Board "without regard as to" when the complaint began to accrue.  *Id.* at 1330-31, 1331 n.1 (citing 38 U.S.C. § 4324(c)(1)); *see also Adams*, 154 F.3d at 424-25 (holding that federal agencies' authority to settle claims for civilian overtime pay were governed by the two-year statute of limitations of the Fair Labor Standards Act, rather than the Barring Act's six-year statute of limitations). Here, however, no equivalent provision in 10 U.S.C. § 1413a displaces the Barring Act's six-year limitations period.

In short, the district court erred in concluding that 10 U.S.C. § 1413a creates its own settlement mechanism for CRSC claims.  That statute creates a substantive entitlement to CRSC, but does not contain any provisions governing the settlement of claims, much less a specific statute of limitations, that displace the well-established settlement procedures and six-year limitations period in the Barring Act.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be reversed.

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

CHARLES W. SCARBOROUGH
/s/ Jennifer L. Utrecht
JENNIFER L. UTRECHT
*Attorneys, Appellate Staff*
*Civil Division, Room 7710*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 353-9039*
*Jennifer.l.utrecht@usdoj.gov*

October 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2022, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system.


/s/ Jennifer L. Utrecht
Jennifer L. Utrecht

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 9,318 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Jennifer L. Utrecht*
Jennifer L. Utrecht

# ADDENDUM

United States District Court
Southern District of Texas
**ENTERED**
May 10, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SIMON A. SOTO, on behalf of himself and all other individuals similarly situated, "Plaintiff", | § § § § | Civil Action No. 1:17-cv-00051 |
| v. | § § | |
| UNITED STATES OF AMERICA "Government". | § § § | |

## **ORDER**

## **DENYING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT**

Before the Court is Plaintiff's "Motion to Alter or Amend the Judgment" ("Motion") (Dkt. No. 98), Government's "Response in Opposition to Motion to Amend" (Dkt. No. 103) and Plaintiff's "Reply in Support of Motion" (Dkt. No. 104). The Court also reviewed Plaintiff's "Memorandum" in support of the Motion. (Dkt. No. 99).

A court may grant a motion to alter or amend a judgment to "(1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." FED. R. CIV. P. 59(e); *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019). Plaintiff seeks to modify the "Final Judgment" (Dkt. No. 97) to require a framework that details Government's obligations to identify and pay all class members and the dates by which Government must satisfy those obligations. (Dkt. No. 98). Plaintiff cites no manifest error of law or fact. *Trevino*, 944 F.3d at 570-71. The other two grounds for alteration or amendment of judgment also do not apply.

For this reason, Plaintiff's Motion is **DENIED.**

Signed on this 10th day of May, 2022.

Rolando Olvera
United States District Judge

United States District Court
Southern District of Texas
**ENTERED**
December 16, 2021
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SIMON A. SOTO, on behalf of himself and all individuals similarly situated, Plaintiff, | § § § | |
| v. | § § | Civil Action No. 1:17-cv-00051 |
| UNITED STATES OF AMERICA, Defendant. | § § § | |

### FINAL JUDGMENT

Plaintiff Simon Soto and the following class:

> Former service members of the United States Army, Navy, Marine Corps, Air Force, or Coast Guard whose CRSC applications under 10 U.S.C. § 1413a were granted, but whose amount of CRSC payment was limited by Defendant's application of the statute of limitations contained in 31 U.S.C. § 3702 and have a claim of less than $10,000 ("Class"),

sued the United States. This Court granted "Plaintiff Simon Soto's Motion for Summary Judgment" ("Plaintiff's MSJ") (Dkt. No. 88). Thus, the Court rules as follows:

Final judgment is entered in favor of Plaintiff Simon Soto and the Class. The United States is liable to Plaintiff Simon Soto and each member of the Class in Combat-Related Special Compensation under 10 U.S.C. § 1413a withheld following the United States' application of the retroactive payment cap in 31 U.S.C. § 3702. The district clerk is ordered to close this case.

Signed on this ___16th___ day of ___December___, 2021.

Rolando Olvera
United States District Judge

1

United States District Court
Southern District of Texas
**ENTERED**
December 16, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SIMON A. SOTO, on behalf of himself and all individuals similarly situated, "Plaintiff," | § § § | |
| | § | |
| v. | § | Civil Action No. 1:17-cv-00051 |
| | § | |
| UNITED STATES OF AMERICA, "Defendant." | § § | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Before the Court are these pleadings: "Plaintiff Simon Soto's Motion for Summary Judgment" ("Plaintiff's MSJ") (Dkt. No. 88) and "Memorandum of Law in Support of Plaintiff Simon Soto's Motion for Summary Judgment" (Dkt. No. 89), "Defendant's Response and Cross-Motion for Summary Judgment") ("Defendant's Cross-MSJ") (Dkt. No. 91), and "Plaintiff Simon Soto's Response and Reply in Support of His Motion for Summary Judgment" (Dkt. No. 95). For these reasons, Plaintiff's MSJ (Dkt. No. 88) is **GRANTED** and Defendant's Cross-MSJ (Dkt. No. 91) is **DENIED**.

### I.  BACKGROUND[1]

Plaintiff is a veteran of the United States Marine Corp and receives Combat-Related Special Compensation ("CRSC") under 10 U.S.C. § 1413a ("CRSC statute"). The United States Department of the Navy approved his CRSC application in 2016, and retroactively provided six years of benefits. But if the six-year retroactive payment cap ("Retroactive Payment Cap") in 31 U.S.C. § 3702 ("Barring Act") had not been applied, Plaintiff would have been entitled to more benefits.

This Court denied Defendant's motion for judgment on the pleadings, *see* Dkt. No. 39, and certified the following class: "Former service members of the United States Army, Navy, Marine Corps, Air Force, or Coast Guard whose CRSC applications under 10 U.S.C. § 1413a were granted, but whose amount of CRSC payment was limited by Defendant's application of the statute of

---

[1] Unless otherwise stated, all facts were obtained from parties' "Joint Statement of Stipulated Facts" (Dkt. No. 87).

**Appx3**

limitations contained in 31 U.S.C. § 3702 and have a claim of less than $10,000" ("Class Members"). Dkt. No. 61 at 7.

Plaintiff argues the Barring Act does not apply to the CRSC Statute, because CRSC is not "retired pay." Dkt. No. 89 at 5-8; 31 U.S.C. § 3702(a)(1)(A). Defendant agrees CRSC is not retired pay, but argues it falls under the broader category of pay under the Barring Act. Dkt. No. 91 at 8. Defendant also argues the CRSC Statute is subject to the Barring Act because the CRSC Statute does not provide a mechanism for settling CRSC claims, rather they are settled through the Director of the Office of Management and Budget ("OMB") as provided for under the Barring Act. *Id.* at 12-15; *see* 31 U.S.C. § 3702(a)(4). Plaintiff disputes both arguments, and further argues the Barring Act does not apply because the CRSC Statute has a separate settlement mechanism. Dkt. No. 95 at 3-7, 11-13; *see* 31 U.S.C. §§ 3702(a), 3702(a)(4). Plaintiff also argues that applying the Barring Act to CRSC is unlawful because the Barring Act is tolled during times of war. Dkt. No. 95 at 13-16.

## II.    LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must show "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). The burden then shifts to the nonmoving party, who must "go beyond the pleadings and... designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted).

This Court has jurisdiction under the "Little Tucker Act," 28 U.S.C. § 1346(a)(2). *See Heisig v. United States*, 719 F.2d 1153, 1158 (Fed. Cir. 1983). Because the Federal Circuit has jurisdiction of appeals of district court decisions under the Little Tucker Act, *see* 28 U.S.C. § 1295(a)(2), the law of the Federal Circuit applies. *Heisig*, 719 F.2d at 1156.

## III.    DISCUSSION

The Barring Act provides:

> (a) Except as provided in this chapter or another law, all claims of or against the United States Government shall be settled as follows:
>> (1) The Secretary of Defense shall settle—
>>> (A) claims involving uniformed service members' pay, allowances, travel, transportation, payments for unused accrued leave, retired pay, and survivor benefits; and
>> [...]

> (4) The Director of the Office of Management and Budget shall settle claims not otherwise provided for by this subsection or another provision of law.

31 U.S.C. § 3702(a).

Claims against the U.S. Government are settled under the Barring Act, "[e]xcept as provided in... another law." 31 U.S.C. § 3702(a). Thus, the six-year Retroactive Payment Cap does not apply if the CRSC Statute is "another law" with its own settlement mechanism. *See id.* § 3702(b)(1).

Under the Barring Act, "to settle a claim means to administratively determine the validity of that claim."[2] *Adams v. Hinchman*, 332 U.S. App. D.C. 98, 154 F.3d 420, 422 (1998), *citing Ill. Sur. Co. v. United States*, 240 U.S. 214, 219 (1916) ("The word 'settlement' in connection with public transactions and accounts has been used from the beginning to describe administrative determination of the amount due.").

The CRSC Statute provides its own settlement mechanism because it defines eligibility for CRSC, helps explain the amount of benefits and instructs the Secretary of Defense to prescribe procedures and criteria for individuals to apply for CRSC. 10 U.S.C. § 1413a(b)-(e); *see also* Combat-Related Special Compensation (CRSC) Section 1413a, Title 10, United States Code, As Amended Revised Program Guidance January 2004 (Apr. 27, 2004) ("2004 Program Guidance"). The 2004 Program Guidance sets forth the monthly amount of CRSC, including applicable reductions and limitations, *id.* at 10-11, and establishes procedures for processing applications and appeals, *id.* at 8-10. These are procedures for an "administrative determination of the amount [of CRSC] due," *Ill. Sur. Co.*, 240 U.S. at 219, and thus constitute a settlement mechanism.

Because the CRSC Statute has its own settlement mechanism, it is "another law" and the Barring Act does not apply. *Cf. Chaney v. VA*, 906 F.2d 697, 698 n.1 (Fed. Cir. 1990) (affirming the Merit Systems Protection Board's ("MSPB") dismissal of an action not covered by the statute permitting appeal to the MSPB, and noting the action instead falls under the Barring Act because there was not "another law" providing for settlement of claims); *see also Hernandez v. Dep't of the Air Force*, 498 F.3d 1328, 1332 (Fed. Cir. 2007) ("[V]eterans' benefits statutes are liberally construed in favor of the veteran.").

---

[2] Defendant appears to agree with this definition of "settle," stating in Defendant's Cross-MSJ that "[t]he term 'settle' as used in the Barring Act refers to [the Department of Defense's] authority to make an 'administrative determination of the amount due'; that is, establishing the actual dollar amount due." Dkt. No. 91 at 15 n.14.

It follows, then, that the CRSC Statute's settlement mechanism does not fall under the Barring Act's specific categories of claims,[3] including 31 U.S.C. § 3702(a)(4). The OMB delegated the settlement of certain claims to the Department of Defense "Office of General Counsel, Defense Office of Hearings and Appeals" ("DOHA"). *See* Comptroller General of the United States, Memorandum B-275605, "Transfer of Claims Settlement and Related Advance Decisions, Waivers, and Other Functions" (March 17, 1997). But DOHA is not involved in the settlement of CRSC claims.[4] *See* 2004 Program Guidance at 13-14 (noting the Department of Defense offices having CRSC responsibilities without mentioning DOHA).

The CRSC Statute is "another law" with its own settlement mechanism, 31 U.S.C. § 3702(a), excluding it from the Barring Act. Thus, summary judgment for Plaintiff and the class is appropriate.

## IV.    CONCLUSION

For these reasons, Plaintiff's MSJ (Dkt. No. 88) is **GRANTED** and Defendant's Cross-MSJ (Dkt. No. 91) is **DENIED**. Under Federal Rule of Civil Procedure 58(b)(2)(B), final judgment is set forth in a separate document.

Signed on this ___16th___ day of ___December___, 2021.

Rolando Olvera
United States District Judge

---

[3] The Court found CRSC was not "retired pay" under 31 U.S.C. § 3702(a)(1)(A). Dkt. No. 39 at 4. The Court need not revisit this issue, nor the argument that CRSC is in the Barring Act's category of "pay". The Court finds that the Barring Act is inapplicable to CRSC because the CRSC statute has its own settlement mechanism. *See* 31 U.S.C. § 3702(a). Similarly, the Court need not address Plaintiff's argument that applying the Barring Act to CRSC is unlawful because the Barring Act is tolled during times of war. Dkt. No. 95 at 13-16.

[4] Plaintiff also notes differences in the settlement of claims by the CRSC Boards and DOHA, including a different burden of proof: "preponderance of available documentary information" in CRSC claims, 2004 Program Guidance at 9, compared to "clear and convincing evidence" for claims before DOHA, Department of Defense Instruction 1340.21 (May 12, 2004), Enclosure 5.7, 6.14.

United States District Court
Southern District of Texas
**ENTERED**
August 31, 2017
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SIMON A. SOTO, on behalf of himself and all individuals similarly situated, Plaintiff, | § § § § | |
| v. | § § | Civil Action No. 1:17-cv-51 |
| THE UNITED STATES OF AMERICA, Defendant. | § § § | |

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This case arises from Simon A. Soto's (hereafter "Plaintiff") claim for retroactive Combat-Related Special Compensation. Plaintiff requests the Court rule the United States of America (hereafter "Defendant") unlawfully withheld Combat-Related Special Compensation from Plaintiff, and others similarly situated. Currently before the Court is "Defendant's Motion for Judgment on the Pleadings" (Docket No. 21). For the reasons set forth herein, the Court **DENIES** "Defendant's Motion for Judgment on the Pleadings".

## I. FACTUAL BACKGROUND[1]

Plaintiff is a veteran of the United States Marine Corps, serving between August 2000 and April 2006. During his first deployment, Plaintiff was assigned to "search for, recover, and process the remains" of war casualties. Plaintiff began suffering from mental health issues, particularly post-traumatic stress disorder (PTSD), and began receiving treatment for such disorder on December 19, 2005. Plaintiff was medically retired from active duty on April 28, 2006 and was placed on the Temporary Disability Retirement List (TDRL). Plaintiff was later removed from TDRL and awarded a permanent medical disability retirement.

Plaintiff sought service-connected disability benefits from the Department of Veteran Affairs (VA) and on June 10, 2009, was awarded disability compensation for his PTSD, as well as a 50 percent disability rating (effective April 29, 2006). He later received a disability rating of

---

[1] The factual statements set forth herein were obtained from the following documents: Docket Nos. 1 and 21.

30 percent (effective November 1, 2006), and later a rating of 100 percent (effective December 31, 2008).

In June 2016, Plaintiff submitted an application for Combat-Related Special Compensation (hereafter "CRSC"). A medically retired veteran applying for CRSC must be entitled to retired pay and be determined by the VA to have a service-connected disability compensable under the VA laws to be eligible. In July 2016, Plaintiff's claim was denied. After a request for reconsideration, the Navy Council of Review Boards (hereafter "Navy") awarded CRSC to Plaintiff in October 2016 (effective July 1, 2010). However, the Navy limited said award to six years of retroactive CRSC; specifically, the Navy's correspondence included the following language:

> CRSC is subject to the 6-year statute of limitations [United States Code (U.S.C.) 31, Section 3702(b)]. In order to receive the full retroactive CRSC entitlement, you must file your CRSC claim within 6 years of any VA rating decision that could potentially make you eligible for CRSC or the date you became entitled to retired pay, whichever is most recent. If you file your claim more than 6 years after initial eligibility, you will be restricted to 6 years of any retroactive entitlement.

Docket No. 21–3.

Plaintiff argues he should have received retroactive CRSC payments back to January 1, 2008, since medical retirees become entitled to CRSC either January 1, 2008, or the date of the qualifying VA disability award determined to be combat-related (April 29, 2006), whichever is later. Defendant argues that (1) Plaintiff has not exhausted his administrative remedies and (2) the Barring Act's (31 U.S.C. § 3702) six-year statute of limitations applies to Plaintiff's CRSC application.

## II. **PROCEDURAL HISTORY**

Plaintiff filed his complaint and motion for class certification on March 2, 2017. Docket No. 1, 3. Plaintiff seeks designation as the representative of the class action, money damages to class members not to exceed $10,000 to any individual, and Plaintiff's costs and attorneys' fees. Docket No. 1 at 16. On June 7, 2017, Defendant filed a "Motion for Judgment on the Pleadings," claiming Defendant is entitled to judgment as a matter of law. *See* Docket No. 21. On July 6, 2017, Plaintiff filed a "Response to Defendant's Motion for Judgment on the Pleadings." Docket

No. 36. On July 17, 2017, Defendant filed a "Reply in Support of Defendant's Motion for Judgment on the Pleadings." Docket No. 37.

### III. **DISCUSSION**

The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is the same as the standard applicable to a Rule 12(b)(6) motion for failure to state a claim. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citation omitted). In reviewing a 12(b)(6) motion, well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. *Id.* Judgment on the pleadings is only appropriate where material facts are not in dispute and only questions of law remain. *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

The Court has jurisdiction pursuant to the "Little Tucker Act", 28 U.S.C. § 1346(a)(2), which grants original jurisdiction to district courts in a civil action for money against the United States. Accordingly, Federal Circuit case law controls. *See* 28 U.S.C. § 1295(a)(2) (granting Federal Circuit jurisdiction over final decisions of a district court on non-tax claims under the Little Tucker Act); *United States v. One (1) 1979 Cadillac Coupe De Ville*, 833 F.2d 994, 998 (Fed. Cir. 1987) ("It would contravene the intent of Congress to achieve uniformity in the adjudication of Tucker Act claims for us to apply regional circuit law in appeals from district court Little Tucker Act decisions . . . ."); *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983) (district courts should apply a similar standard of review as Federal Circuit courts in adjudicating Little Tucker Act claims).

### A. **Plaintiff was not required to exhaust administrative remedies before filing suit.**

It is well settled "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Rollock Co. v. United States*, 115 Fed. Cl. 317, 329 (2014) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51 (1938)). In determining whether exhaustion of administrative remedies is required before bringing suit in federal court, congressional intent is of "paramount importance." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Statutory exhaustion is required "[w]here Congress specifically mandates" it. *Id.* "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *Id.* (citations omitted). Deciding whether to invoke the doctrine of

exhaustion "entails a case-by-case analysis of the competing individual and institutional interests . . . ." *Maggitt v. West*, 202 F.3d 1370, 1378 (Fed. Cir. 2000).

The Supreme Court and the Federal Circuit have held permissive administrative remedies do not require exhaustion before a plaintiff may bring suit under the Tucker Act. *Soriano v. United States*, 352 U.S. 270, 274–75 (1957) (exhaustion of administrative remedies as a prerequisite to filing a Tucker Act suit would frustrate the purpose of Congress); *see Martinez v. United States*, 333 F.3d 1295, 1306 (Fed. Cir. 2003) (plaintiff is not required to exhaust permissive administrative remedies before filing suit under the Tucker Act). Accordingly, the Court declines to require Plaintiff's exhaustion of permissive administrative appeal remedies in this case.

## B.  The Barring Act does not apply to CRSC claims.

The Barring Act states as follows:

§ 3702. Authority to settle claims

(a) Except as provided in this chapter or another law, all claims of or against the United States Government shall be settled as follows:
    (1) The Secretary of Defense shall settle—
        (A) claims involving uniformed service members' pay, allowances, travel, transportation, payments for unused accrued leave, retired pay, and survivor benefits . . . .
(b) (1) A claim against the Government presented under this section . . . . must be received by the official responsible under subsection (a) for settling the claim or by the agency that conducts the activity from which the claim arises within 6 years after the claim accrues . . . .

31 U.S.C. § 3702.

As demonstrated above, combat related pay, or CRSC, is not listed in any of the categories applicable to the Barring Act's six-year statute of limitations set forth in § 3702.

In a statutory construction case, courts must "start, of course, with the statutory text," and unless otherwise defined, "statutory terms are generally interpreted in accordance with their ordinary meaning." *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006) (citations omitted). Where a textual ambiguity exists, courts are to resolve such doubt in favor of veterans. *Brown v. Gardner*, 513 U.S. 115, 117–18 (1994). Governing law also provides, "[w]here there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one,

regardless of the priority of enactment." *Morton v. Mancari*, 417 U.S. 535, 550–51 (1974) (citations omitted).

 Entitlement to CRSC is set forth by statute in 10 U.S.C. §1413a, which grants the Secretary concerned the authority to pay an "eligible combat-related disabled uniformed services retiree" a monthly amount of benefits for the combat-related disability. **The statute specifically states: "Payments under this section are not retired pay." 10 U.S.C. §1413a(g).** The Court is aware of no legal basis to conclude that Congress intended any other statute to govern CRSC claims. The Barring Act added the relevant six year limitation language in 1997, while the CRSC statute, which includes no mention of the Barring Act's statute of limitation or possible application thereof, was enacted five years later in 2003. Accordingly, in this scenario, the Barring Act falls within the definition of a "general act" applicable to a multitude of uniformed service members' claims, while a CRSC claim falls within the definition of a "specific act" statute. *Mancari*, 417 U.S. at 550–51; *Hernandez v. Dep't of Air Force*, 498 F.3d 1328, 1331–32 (Fed. Cir. 2007) (holding a specific statute was not governed by the Barring Act where there was no indication Congress intended the Act or any other statute to govern the specific statute); *Angelica Textile Servs., Inc. v. United States*, 95 Fed. Cl. 208, 222 (2010) ("It is a general maxim of statutory interpretation that a specific statute of specific intention takes precedence over a general statute, particularly when the specific statute was later enacted.").

## ORDER

 For the foregoing reasons, "Defendant's Motion for Judgment on the Pleadings" (Docket No. 21) is **DENIED**.

Signed on this ___31st___ day of ___August___, 2017.

Rolando Olvera
United States District Judge